# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| DAVID JOHNSON, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 1:14CV157 AGF |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent, | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of David Johnson to amend his sentence pursuant to 28 U.S.C. § 2255. Johnson argues that his counsel was ineffective during the sentencing hearing for failing to request a downward variance because of his chronic illnesses. The motion is without merit and is denied.

Johnson pled guilty to conspiracy to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846. United States v. Johnson, 1:13CR46 AGF (E.D. Mo.). Johnson's plea agreement stated, "defendant fully understands that the crime to which a guilty plea is being entered requires a mandatory minimum term of imprisonment of at least ten (10) years." Id. In his sentencing memorandum, Johnson noted that his health condition might otherwise warrant a downward variance but that the statutory minimum was ten years. Id. On October 22, 2013, the Court sentenced Johnson to the mandatory minimum sentence of ten years' imprisonment.

Johnson was given the minimum sentence allowed by law. His counsel could not have been ineffective for failing to move for a lower sentence, because any such request

would have been meritless.  See Strickland v. Washington, 466 U.S. 668, 687-88 (1984) (to prevail on a claim of ineffective assistance of counsel, a defendant must show that counsel's performance was both deficient and prejudicial); United States v. Hufft, 11 Fed. App'x 639, 640 (8th Cir. 2001) (recognizing that a district court "lacks authority to depart below the statutory minimum based on a defendant's physical condition") (citing United States v. Rabins, 63 F.3d 721, 727 & n.10 (8th Cir. 1995)).  As a result, Johnson is not entitled to relief under 28 U.S.C. § 2255.

Finally, Johnson has failed to make a substantial showing of the denial of a constitutional right, which requires a demonstration "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." Khaimov v. Crist, 297 F.3d 783, 785 (8th Cir. 2002) (quotation omitted).  Thus, the Court will not issue a Certificate of Appealability.  28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that David Johnson's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 is **DENIED**, and this action is **DISMISSED**.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 3rd day of December, 2014.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE